**ESTEBAN-TRINIDAD LAW, P.C.**
M. LANI ESTEBAN-TRINIDAD, Nevada Bar No. 006967
AMY M. ROSE, Nevada Bar No. 12081
4315 North Rancho Drive, Suite 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Facsimile: (702) 736-5299

Attorney for Defendants
ARMSCOR PRECISION INTERNATIONAL and
ARMS CORPORATION OF THE PHILIPPINES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PHILIP CORWIN and LEIGH ANNE CORWIN,<br><br>Plaintiffs,<br>vs.<br><br>ARMSCOR PRECISION INTERNATIONAL; ARMS CORPORATION OF THE PHILIPPINES; HIGH STANDARD MANUFACTURING COMPANY, INC., and GANDER MOUNTAIN COMPANY.<br><br>Defendants. | Case No.<br><br>Action Filed: January 31, 2012 |

### NOTICE OF REMOVAL

Defendants Armscor Precision International and Arms Corporation of the Philippines pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, give notice of removing this action from the District Court of Clark County, Nevada where the action is now pending, to the United States District Court for the District of Nevada. In support, Defendants state as follows:

### THE PARTIES AND BACKGROUND

1. Plaintiffs Philip Corwin and Leigh Anne Corwin are residents of Virginia.
2. Defendant Armscor Precision International is incorporated in Nevada.
3. Defendant Arms Corporation of the Philippines is a Philippine corporation.
4. Defendant High Standard Manufacturing Company, Inc., is believed to be a Texas corporation.
5. Defendant Gander Mountain Company, is believed to be a Texas corporation.

...

...

### The Instant State Court Action

6. On January 31, 2012, Plaintiffs filed a Complaint in the District Court of Clark County, Nevada, captioned Philip Corwin, et al. v. Armscor Precision International, et al., Case No. A-12-655580-C, Department XXX ("Complaint"). A true and correct copy of the Complaint is attached in Exhibit "A."

7. Plaintiffs seek general damages, special damages, medical and related expenses, loss of earning capacity, spousal loss of consortium and services, impairment and disfigurement, physical pain and mental anguish, exemplary and punitive damages, attorneys' fees, and interest on the judgment.

8. Plaintiff, Philip Corwin, claims that because of a defect in a gun manufactured/designed/sold by Defendants, he sustained a serious gunshot wound. Plaintiff Philip Corwin claims that a result he has experienced extreme pain and suffering and will continue to experience pain and suffering, has incurred and will continue to incur medical bills, in permanently disabled, is permanently disfigured and scarred, endured and will continue to endure emotional distress, has suffered loss of consortium with his wife,

### Removal to Federal Court is Warranted

9. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. A district court of the United States has original jurisdiction over the dispute "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different states . . . . or (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and" 28 U.S.C § 1332(a).

*Action is Between Citizens of Different States and of a Foreign State*

11. This controversy is between citizens of different states and citizens of a foreign state are additional parties.

12. Plaintiffs are citizens of the State of Virginia.

13. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ."

14. Defendant Armscor Precision International is incorporated in Nevada and thus is a citizen of the State of Nevada.

15. Defendant High Standard Manufacturing Company, Inc., is incorporated in Texas and thus is a citizen of the State of Texas.
16. Defendant Gander Mountain Company is incorporated in Texas and thus is a citizen of the State of Texas.
17. Defendant Arms Corporation of the Philippines is a foreign Philippine corporation and thus is a citizen of the Philippines.
18. For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded and only the citizenship of named defendants is considered. See Lamy v. United Parcel Service, Inc., and Doe Employees, No. 09-cv-01890-LRH-RJJ, 2010 U.S. Dist. LEXIS 38784, at *3 (D. Nev. March, 27, 2010). Accordingly, the Doe Defendants, if any, are not considered for purposes of removal.

### *The Sum of the Matter in Controversy Exceed $75,000*

19. The sum of the matter in controversy exceeds $75,000, exclusive of interests and costs. Although Plaintiffs' complaint does not state a monetary figure for damages, this amount can be surmised from the facts of this case and the types of damages Plaintiffs are seeking.
20. The Plaintiffs are claiming a number of life altering damages, stemming from serious gunshot wounds to the wrist, hand, abdomen. Plaintiff claims to have already incurred medical bills, and contemplates medical bills into the future.
21. Plaintiff claims he has become permanently disabled.
22. Plaintiff also claims that he has suffered severe emotional distress and has suffered a loss of consortium.
23. All of these facts combined point to the conclusion that the amount in controversy exceeds $75,000. Additionally, jury verdicts well in excess of $75,000 have been upheld for similar claims. See Campbell v. Remington Arms Co., 1992 U.S. App. LEXIS 6377, *1-2 (9th Cir. Mar. 24, 1992)(upholding a jury verdict of $724,000 for past and future economic loss and medical expenses in a products liability action involving a rifle); General Electric v. Bush, 88 Nev. 360 (1972)(upholding $500,000 award for loss of consortium and $3,000,000 award for damages in products liability action); Terrebonne v. Goodman Manufacturing Corp., 687 So. 2d 124 (La. App. 5th Cir. 1996)(upholding jury award of $875,000 in products liability action for claims based on loss of consortium and associated injuries);
24. Plaintiff also requests punitive damages. Punitive Damages must be considered when determining the amount in controversy. *Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir.*

*2001)* ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

25. If Punitive damages are awarded in this case, NRS 42.005 authorizes up to "[t]hree times the amount of compensatory damages awarded to the plaintiff if the amount of compensatory damages is $100,000 or more; or (b) Three hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000."

26. This possibility of punitive damage also demonstrates that the amount in controversy in the present action exceeds $75,000.

27. Therefore the U.S. District Court for the District of Nevada has original jurisdiction over the parties because Defendants are citizens of a different State than Plaintiffs, and the amount in controversy exceeds $75,000.00.

28. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

29. Pursuant to 28 U.S.C. § 1446(b), Defendants are removing this action within thirty (30) days after service of Plaintiffs' Complaint.

WHEREFORE, Defendants, Armscor Precision International and Arms Corporation of the Philippines, respectfully remove this action to the Unites States District Court for the District of Nevada.

DATED this _20th_ day of February, 2012.

ESTEBAN-TRINIDAD LAW, P.C.

By: _____
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 006967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297

Attorney for Defendants
ARMSCOR PRECISION INTERNATIONAL and
ARMS CORPORATION OF THE PHILIPPINES

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 20th day of February, 2012, I served a true and correct copy of the foregoing NOTICE OF REMOVAL, upon the appropriate parties hereto, by enclosing it in a sealed envelope, postage fully prepaid thereon, deposited in the United States mail, addressed to:

Lawrence J. Smith, Esq.
Benson Bertoldo Baker & Carter
7408 West Sahara Avenue
Las Vegas, NV 89117
Attorneys for Plaintiffs

_____
An employee of Esteban-Trinidad Law, PC