1 | **MTN**
**ESTEBAN-TRINIDAD LAW, P.C.**
2 | M. LANI ESTEBAN-TRINIDAD, Nevada Bar No. 006967
AMY M. ROSE, Nevada Bar No. 12081
3 | 4315 North Rancho Drive, Suite 110
Las Vegas, Nevada 89130
4 | Telephone: (702) 736-5297
Fax: (702) 736-5299
5 |
Attorney for Defendants
6 | ARMSCOR PRECISION INTERNATIONAL and
ARMS CORPORATION OF THE PHILIPPINES
7 |
8 | **IN THE UNITED STATES DISTRICT COURT**
9 | **FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PHILIP CORWIN and LEIGH ANNE CORWIN, <br><br> Plaintiffs, <br> vs. <br><br> ARMSCOR PRECISION INTERNATIONAL; ARMS CORPORATION OF THE PHILIPPINES; HIGH STANDARD MANUFACTURING COMPANY, INC., and GANDER MOUNTAIN COMPANY. <br><br> Defendants. | Case No. <br><br> Action Filed: January 31, 2012 <br><br><br> **MOTION TO DISMISS** |

Defendants ARMSCOR PRECISION INTERNATIONAL ("ARMSCOR") and ARMS CORPORATION OF THE PHILIPPINES ("ARMS CORP"), through their attorney, M. Lani Esteban-Trinidad of the law firm of Esteban-Trinidad Law, PC, hereby submit their Motion to Dismiss to Plaintiffs' Complaint.

…

…

…

…

…

…

This Motion is based on the pleadings on file herein, the memorandum of points and authorities attached hereto, the exhibits attached hereto, and any oral argument that this Honorable Court may permit.

Dated this 20th day of February, 2012.

ESTEBAN-TRINIDAD LAW, P.C.

By: _____
M. LANI ESTEBAN-TRINIDAD
Nevada Bar No. 6967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297
Facsimile: (702) 736-5299

Attorney for Defendants ARMSCOR PRECISION INTERNATIONAL and
ARMS CORPORATION OF THE PHILIPPINES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff's complaint is long on damages, but short on facts. See Exhibit "A," Plaintiff's Complaint. Plaintiffs allege a product defect, but do not state what part of the gun was defective. Plaintiffs allege that Defendants are liable for a design defect, but do not state what was wrong with the design. Plaintiffs claim Defendants did not warn of "danger" – yet never specify how Defendants should have warned Plaintiffs. Most glaringly is that Plaintiffs allege that a gun was defective, but do not even state the specific gun that Plaintiff Philip Corwin was injured by.[1] Simply put, Plaintiffs have not alleged enough facts to state any of their claims. The **only** operative facts Plaintiffs offer to support their seven (7) separate claims are that Philip Corwin bought a 1911 pistol, and that it discharged without the trigger

---

[1] Plaintiffs allege only that Philip Corwin bought a 1911 semi-automatic pistol. Defendants make over five (5) different kinds of 1911 semi-automatic pistols. Plaintiffs have not even identified what gun they allege caused their injuries.

-2-

being pulled. The remainder of Plaintiffs' complaint is a recitation of elements and conclusory statements. Plaintiffs have simply not shown they are entitled to relief of any kind.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(1) provides that a complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief . . ." When a complaint fails to meet this standard, a Court may dismiss the Plaintiff's claims. Fed. R. Civ. Pr. 12(b)(6). Although for purposes of a motion to dismiss, the Plaintiff's allegations are accepted as true, the "factual allegations must be enough to raise a right to relief above the speculative level," the facts alleged must do more than "merely create[] a suspicion [of] a legally cognizable right of action." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted).

Furthermore, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Twombly, 550 U.S. at 545. "A formulaic recitation of the elements," will not suffice. Ashcroft v. Iqbal 129, S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to survive a motion to dismiss, a plaintiff must allege actual facts that "nudge[] his claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570. And a claim should be dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, and the complaint has alleged – but it has not [shown] – that the pleading is entitled to relief. Iqbal, 129 S.Ct. at 1950 (2009).

Here Plaintiffs' complaint should be dismissed as insufficient because it merely recites elements of claims, makes unsupported conclusions and does not state a plausible case for relief of any claims

## ARGUMENT

Here, all of Plaintiffs' claims should be dismissed for failure to state a claim.

### 1. STRICT PRODUCTS LIABILITY – PRODUCT DEFECT AND FAILURE TO WARN

Plaintiffs' second and third causes of action arise under a strict products liability theory for both a product defect and failure to warn. "To establish a strict products liability defect claim or failure to warn claim in Nevada, a plaintiff must show "(1) the product had a defect which rendered it

unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury." Roberts v. Albertson's LLC, 2011 U.S. App. LEXIS 25911, 2-3 (9th Cir. Nev. Dec. 28, 2011)(quoting Rivera v. Philip Morris, Inc., 209 P.3d 271, 275 (Nev. 2009)); see also Fyssakis v. Knight Equip. Corp., 108 Nev. 212 (1992).

Here, Plaintiffs' causes of action are so deficient that they do not even allege one of the necessary elements – that the defect existed when the pistol left the manufacturer. Stackiewicz v. Nissan Motor Corp., 686 P.2d 925, 928 (Nev. 1984)("[T]he plaintiff's case in strict liability would simply consist of proof "that his injury was caused by a defect in the product, and that such defect existed when the product left the hands of the defendant."(quoting Shoshone Coca-Cola Bottling Co. v. Dolinski, 82 Nev. 439, 443 (1966))). Failure to allege this element on its own should be cause to dismiss this second cause of action. Additionally, these causes of action have absolutely no facts to show that they are "plausible," on their face. Plaintiffs have merely recited elements – and incomplete elements at that. Plaintiffs have not shown how the gun was unreasonably dangerous, or pointed to any defect that would make it defective. Plaintiffs' causes of action for strict products liability – product defect and failure to warn should be dismissed.

### 2. NEGLIGENCE, NEGLIGENT DESIGN, NEGLIGENT FAILURE TO WARN

Plaintiffs' first, fourth, and fifth causes of action arise under a claims of negligence. Negligence based on a product's liability theory is similar to one for strict liability, except under a negligence theory, the Plaintiffs have the added burden of proving that the Defendants were actually negligent in their actions – and not just that the defect exists. Plaintiffs' negligence claims, however, again fail to state anything more than a recitation of the elements. Plaintiffs' have not alleged a sufficient number of facts to show that they are entitled to relief. Again, the only two facts the Plaintiffs offer are that Plaintiff Philip Corwin bought a gun, and that the gun went off and hurt him. Plaintiffs' negligence claims are full of conclusory statements such as that "Defendants failed to use ordinary care," or that "Defendant failed to give adequate warning." These recitations of elements are not sufficient. Plaintiffs

even fail to detail the circumstances of how Plaintiff Philip Corwin was hurt. Merely because Plaintiff Philip Corwin was hurt with a gun, does not make Defendants liable for his injuries. As Plaintiffs have failed to meet their burden of properly pleading their complaint, their causes of action should be dismissed.

### 3. BREACH OF WARRANTIES, EXPRESS AND IMPLIED

Plaintiffs' sixth and seventh causes of action arise from a breach of express and implied warranty. "In a breach of warranty cause of action, a plaintiff must prove that a warranty existed, the defendant breached the warranty, and the defendant's breach was the proximate cause of the loss sustained." Nev. Contract Servs. Inc. v. Squirrel Cos. Inc., 119 Nev. 157, 161 (2003). Here, again, Plaintiffs have done nothing more than recite the elements of a warranty cause of action. Plaintiffs have not pled their complaint with facts sufficient to allege a plausible claim. Plaintiffs have alleged a laundry list of damages, yet fail to set out enough factual contention to support those damages. Plaintiffs' claims for breach of warranty, express and implied, should be dismissed.

### 4. NEVADA STATUTE FORBIDS SUIT AGAINST FIREARM MANUFACTURER

Plaintiffs have failed to state any claims that support their product's liability action. The only thing the facts of this Complaint support are that Plaintiff Philip Corwin hurt himself by using a gun. Nevada, however, statutorily prohibits causes of action against firearm manufacturers, such as Defendants Armscor and Arms Corp, merely because Plaintiff Philip Corwin suffered serious injury from use of the firearm. NRS 41.131. From the facts alleged in the Complaint – that is all that happened here to Plaintiffs. Plaintiffs' causes of action fail to state a claim, and they are forbidden by statute from bringing a claim against Defendant Armscor and Arms Corp merely because they were injured by their gun.

...

...

...

...

## CONCLUSION

Based on the above, Defendants' motion should be granted

Dated this 20th day of February, 2012.

ESTEBAN-TRINIDAD LAW, P.C.

By: _____
M. LANI ESTEBAN-TRINIDAD, Nevada Bar No. 6967
4315 N. Rancho Drive, Ste. 110
Las Vegas, Nevada 89130
Telephone: (702) 736-5297

Attorney for Defendants ARMSCOR PRECISION INTERNATIONAL and ARMS CORPORATION OF THE PHILIPPINES

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 21st day of February, 2012, I served a true and correct copy of the foregoing MOTION TO DISMISS, upon the appropriate parties hereto, by enclosing it in a sealed envelope, postage fully prepaid thereon, deposited in the United States mail, addressed to:

Lawrence J. Smith, Esq.
Benson Bertoldo Baker & Carter
7408 West Sahara Avenue
Las Vegas, NV 89117
Attorneys for Plaintiffs



An employee of Esteban-Trinidad Law, PC