EXHIBIT "A"

Electronically Filed
01/31/2012 08:42:52 AM

CLERK OF THE COURT

COMP/DMJT
LAWRENCE J. SMITH
Nevada Bar No. 6505
BENSON, BERTOLDO, BAKER & CARTER
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone  :   (702) 228-2600
Facsimile   :   (702) 228-2333
E-mail       :   lawre3@bensonlawyers.com
Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

\* \* \*

PHILIP CORWIN and LEIGH ANNE CORWIN,

Plaintiffs,

vs.

ARMSCOR PRECISION INTERNATIONAL;
ARMS CORPORATION OF THE PHILLIPPINES;
HIGH STANDARD MANUFACTURING
COMPANY, INC. and GANDER MOUNTAIN
COMPANY,

Defendants.

CASE NO. A-12-655580-C
DEPT. NO.   XXX

COMPLAINT FOR DAMAGES
FOR PERSONAL INJURIES
DEMAND FOR JURY TRIAL
AND CONSENT TO SERVICE VIA
ELECTRONIC MEANS
AND FACSIMILE

Plaintiffs, PHILIP CORWIN and LEIGH ANNE CORWIN, by and through their attorney, LAWRENCE J. SMITH of the law firm of BENSON, BERTOLDO, BAKER & CARTER, CHTD., for their Complaint for Damages for Personal Injuries, state and allege as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### PARTIES

1. Plaintiff Philip Corwin is a citizen and resident of Virginia.

2. Plaintiff Leigh Anne Corwin is currently married to Philip Corwin and they were married at all times during the events referenced herein.

3. Defendant Armscor Precision International is a Nevada corporation and may be served with process through its registered Agent.

4. Defendant Arms Corporation of the Philippines is a corporation of the Republic of the Philippines

5. Defendant Arms Corporation of the Philippines designs, manufactures, markets and sells semi automatic firearms

6. Defendant Armscor Precision International is the United States operations of Arms Corporation of the Philippines and imports and sells in the United States semi automatic firearms manufactured by Arms Corporation of the Philippines (hereinafter "Armscor Defendants").

7. Defendant High Standard Manufacturing Company, Inc. (hereinafter "Defendant High Standard") is a Texas corporation and may be served with process through its registered Agent.

8. Defendant Gander Mountain Company (hereinafter "Defendant Gander Mountain") is a Texas corporation and may be served with process through its registered Agent.

**FACTS OF THE OCCURRENCE**

9. On or about October 8, 2009, Plaintiff PHILIP CORWIN purchased a High Standard, model 1911, semi automatic pistol (hereinafter "1911 pistol") from Defendant Gander Mountain's retail store located in Ashland, Virginia.

10. The 1911 pistol was designed, manufactured, marketed, sold and placed into the stream of commerce by the Armscor Defendants, Defendant High Standard and Defendant Gander Mountain.

11. On or about February 12, 2010, Plaintiff's 1911 pistol discharged without the trigger being pulled causing serious injury to Plaintiff.

## COUNT I: NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiffs, by and through counsel, for Count I of their Complaint for Damages for Personal Injuries, Negligence against all Defendants, state and allege as follows:

12. Plaintiffs restate paragraphs 1 through 11 as though fully set forth herein.

13. Defendants were negligent in the following respects, to wit:

   a. By failing to design and manufacture the 1911 pistol so that it is safe to handle without exposing the handler to a risk of injury;

   b. By selling the 1911 pistol when Defendants knew or should have known that it posed a risk of injury or death to the handler;

   c. By failing to incorporate alternative safety designs that have been used by other manufactures for decades.

   d. By failing to warn the handlers of the 1911 pistol that it posed a risk of injury or death;

   e. By failing to provide adequate instructions, manuals and warnings of the risk of injury or death;

   f. By designing and manufacturing a 1911 pistol without adequate protection to prevent accidental discharge;

   g. By designing and manufacturing a 1911 pistol that is not safe;

   h. By failing to warn that the 1911 pistol was defective;

   i. By failing to warn that the 1911 pistol was improperly manufactured;

   j. Other aspects of negligence as discovery may reveal.

14. Defendants are jointly and severally liable for their negligent acts and their negligent acts each separately, in the alternative or in combination, proximately caused Plaintiff's injuries.

15. As a direct and proximate result of these negligent acts, either individually, in combination with, or in the alternative to the product liability and warranty claims, Plaintiff sustained serious gunshot wounds to his wrist, hand and abdomen.

16. As a direct and proximate result of the negligence of Defendants, Plaintiff has been subjected to extreme pain and suffering and will be subjected to pain and suffering in the future.

17. As a direct and proximate result of the negligence of Defendants, Plaintiff has incurred medical bills and will incur future medical bills.

18. As a direct and proximate result of the negligence of Defendants, Plaintiff has become permanently disabled.

19. As a direct and proximate result of the negligence of Defendants, Plaintiff has been permanently disfigured and scarred.

20. As a direct and proximate result of the negligence of Defendants, Plaintiff has endured severe emotional distress and will endure emotional distress in the future.

21. As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff Leigh Anne Corwin has suffered and will in the future suffer the loss of the services and consortium of her husband.

22. Defendants are jointly and severally liable for their negligent acts and the resulting damages suffered by Plaintiffs.

## COUNT II: STRICT PRODUCT LIABILITY – PRODUCT DEFECT AGAINST ALL DEFENDANTS

Plaintiffs, by and through counsel for Count II of their Complaint for Damages for Personal Injuries, Strict Product Liability – Product Defect against all Defendants, state and allege as follows:

23. Plaintiffs restate paragraphs 1 through 22 as though fully set forth herein.

24. Defendants designed, manufactured, marketed and sold the 1911 pistol in the usual course of their business.

25. The 1911 pistol was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use.

26. The 1911 pistol was used in a manner reasonably anticipated, encouraged and accommodated by Defendants in the design, manufacture and marketing of the 1911 pistol.

27. Plaintiff was damaged as a direct result of the defective condition that existed when the 1911 pistol was designed, manufactured, marketed and sold, in that the product defect either individually, in combination with, or in the alternative to the negligent acts, directly and proximately caused serious gunshot wounds to his wrist, hand and abdomen.

28. As a direct and proximate result of the defective and unreasonably dangerous condition of the 1911 pistol, Plaintiff has been subjected to extreme pain and suffering and will be subjected to pain and suffering in the future.

29. As a direct and proximate result of the defective and unreasonably dangerous condition of the 1911 pistol, Plaintiff has incurred medical bills and will incur future medical bills.

30. As a direct and proximate result of the defective and unreasonably dangerous condition of the 1911 pistol, Plaintiff has been permanently disabled.

31. As a direct and proximate result of the defective and unreasonably dangerous condition of the 1911 pistol, Plaintiff has been permanently disfigured and scarred.

32. As a direct and proximate result of the defective and unreasonably dangerous condition of the 1911 pistol, Plaintiff has endured severe emotional distress and will endure emotional distress in the future.

33. As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff Leigh Anne Corwin has suffered and will in the future suffer the loss of the services and consortium of her husband.

34. Defendants are jointly and severally liable for their acts and omissions and the resulting damages suffered by Plaintiffs.

## COUNT III: STRICT PRODUCT LIABILITY – FAILURE TO WARN AGAINST ALL DEFENDANTS

Plaintiffs, by and through counsel, for Count III of their Complaint for Damages for Personal Injuries, Strict Product Liability – Failure to Warn against all Defendants, state and allege as follows:

35. Plaintiffs restate paragraphs 1 through 34 as though fully set forth herein.

36. Defendants designed, manufactured, marketed and sold the 1911 pistol in the usual course of their business.

37. The 1911 pistol was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

38. Defendants did not give adequate warnings of the dangers that existed when handling the 1911 pistol.

39. The 1911 pistol was used in a manner reasonably anticipated, encouraged and accommodated by Defendants.

40. As a direct and proximate result of Defendants failure to disclose or warn of the known or reasonably identifiable defects that existed with the 1911 pistol, Plaintiff was damaged in that Defendants' conduct either individually, in combination with, or in the alternative to the negligent acts, directly and proximately caused serious gunshot wounds to his wrist, hand and abdomen.

41. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects that existed with the 1911 pistol, Plaintiff has been subjected to extreme pain and suffering and will be subjected to pain and suffering in the future.

42. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects that existed with the 1911 pistol, Plaintiff has incurred medical bills and will incur future medical bills.

43. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects that existed with the 1911 pistol, Plaintiff has been permanently disabled.

44. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects that existed with the 1911 pistol, Plaintiff has been permanently disfigured and scarred.

45. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects that existed with the 1911 pistol, Plaintiff has endured severe emotional distress and will endure emotional distress in the future.

46. As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff Leigh Anne Corwin has suffered and will in the future suffer the loss of the services and consortium of her husband.

47. Defendants are jointly and severally liable for their acts and omissions and the resulting damages suffered by Plaintiffs.

## COUNT IV: PRODUCT LIABILITY – NEGLIGENT DESIGN AGAINST ALL DEFENDANTS

Plaintiffs, by and through counsel, for Count IV of their Complaint for Damages for Personal Injuries, Product Liability – Negligent Design against all Defendants, state and allege as follows:

48. Plaintiffs restate paragraphs 1 through 47 as though fully set forth herein.

49. Defendants designed, manufactured, marketed and sold the 1911 pistol in the usual course of their business.

50. The 1911 pistol was in a defective condition by reason of the risk of injury or death to handlers of the 1911 pistol.

51. Defendants failed to use ordinary care to design and manufacture the 1911 pistol to be reasonably safe.

52. Plaintiff was damaged as a direct result of the defective condition that existed when the 1911 pistol was designed, manufactured, marketed and sold.

53. Defendants' failure to use ordinary care to design and manufacture the 1911 pistol to be reasonably safe either individually, in combination with, or in the alternative to the negligent acts, directly and proximately caused serious gunshot wounds to his wrist, hand and abdomen.

54. As a direct and proximate result of Defendants' failure to use ordinary care to design and manufacture the 1911 pistol to be reasonably safe, Plaintiff has been subjected to extreme pain and suffering and will be subjected to pain and suffering in the future.

55. As a direct and proximate result of Defendants' failure to use ordinary care to design and manufacture the 1911 pistol to be reasonably safe, Plaintiff has incurred medical bills and will incur future medical bills.

56. As a direct and proximate result of Defendants' failure to use ordinary care to design and manufacture the 1911 pistol to be reasonably safe, Plaintiff has been permanently disabled.

57. As a direct and proximate result of Defendants' failure to use ordinary care to design and manufacture the 1911 pistol to be reasonably safe, Plaintiff has been permanently disfigured and scarred.

58. As a direct and proximate result of Defendants' failure to use ordinary care to design and manufacture the 1911 pistol to be reasonably safe, Plaintiff has endured severe emotional distress and will endure emotional distress in the future.

59. As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff Leigh Anne Corwin has suffered and will in the future suffer the loss of the services and consortium of her husband.

60. Defendants are jointly and severally liable for their acts and omissions and the resulting damages suffered by Plaintiffs.

## COUNT V: PRODUCT LIABILITY – NEGLIGENT FAILURE TO WARN AGAINST ALL DEFENDANTS

Plaintiffs, by and through counsel, for Count V of their Complaint for Damages for Personal Injuries, Product Liability – Negligent Failure to Warn against all Defendants, state and allege as follows:

61. Plaintiffs restate paragraphs 1 through 60 as though fully set forth herein.

62. Defendants designed, manufactured, marketed and sold the 1911 pistol in the usual course of their business.

63. The 1911 pistol was in a defective condition by reason of the risk of injury or death to handlers of the 1911 pistol.

64. Defendants failed to use ordinary care to adequately warn of the risk of harm by reason of the risk of injury or death to handlers of the 1911 pistol.

65. Plaintiff was damaged as a direct result of Defendants' failure to warn of the risk of harm by reason of the risk of injury or death to handlers of the 1911 pistol.

66. Defendants failed to give adequate warnings concerning the risk of injury or death to handlers of the 1911 pistol.

67. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects herein, Plaintiff was damaged in that Defendants' conduct either individually, in combination with, or in the alternative to the negligent acts, directly and proximately caused serious gunshot wounds to his wrist, hand and abdomen.

68. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects herein, Plaintiff has been subjected to extreme pain and suffering and will be subjected to pain and suffering in the future.

69. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects herein, Plaintiff has incurred medical bills and will incur future medical bills.

70. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects herein, Plaintiff has been permanently disabled.

71. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects herein, Plaintiff has been permanently disfigured and scarred.

72. As a direct and proximate result of Defendants' failure to disclose or warn of the known or reasonably identifiable defects herein, Plaintiff has endured severe emotional distress and will endure emotional distress in the future.

73. As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff Leigh Anne Corwin has suffered and will in the future suffer the loss of the services and consortium of her husband.

74. Defendants are jointly and severally liable for their acts and omissions and the resulting damages suffered by Plaintiffs.

## COUNT VI: BREACH OF EXPRESS WARRANTY AGAINST ALL DEFENDANTS

Plaintiffs, by and through counsel, for Count VI of their Complaint for Damages for Personal Injuries, Breach of Express Warranty against all Defendants, state and allege as follows:

75. Plaintiffs restate paragraphs 1 through 74 as though fully set forth herein.

76. Defendants designed, manufactured, marketed and sold the 1911 pistol in the usual course of their business.

77. Defendants represented that the 1911 pistol was in good working condition and free from defects.

78. Such representations were made to induce Plaintiff and others similarly situated to purchase the 1911 pistol.

79. The 1911 pistol did not conform to such representations made by Defendants.

80. Within a reasonable time after the manufacture and sale of the 1911 pistol, the Defendants knew or should have known of such failure to conform.

81. As a direct and proximate result of the breach of express warranty by Defendants, either individually, in combination with, or in the alternative to the negligent acts, Plaintiff sustained serious gunshot wounds to his wrist, hand and abdomen.

82. As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff has been subjected to extreme pain and suffering and will be subjected to pain and suffering in the future.

83. As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff has incurred medical bills and will incur future medical bills.

84. As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff has been permanently disabled.

85. As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff has been permanently disfigured and scarred.

86. As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff has endured severe emotional distress and will endure emotional distress in the future.

87. As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff Leigh Anne Corwin has suffered and will in the future suffer the loss of the services and consortium of her husband.



88. Defendants are jointly and severally liable for their acts and omissions and the resulting damages suffered by Plaintiffs.

## COUNT VII: BREACH OF IMPLIED WARRANTY AGAINST ALL DEFENDANTS

Plaintiffs, by and through counsel, for Count VII of their Complaint for Damages for Personal Injuries, Breach of Implied Warranty against all Defendants, state and allege as follows:

89. Plaintiffs restate paragraphs 1 through 88 as though fully set forth herein.

90. Defendants designed, manufactured, marketed and sold the 1911 pistol in the usual course of their business.

91. When sold by Defendants, the 1911 pistol was not fit for its ordinary purpose.

92. The 1911 pistol was used for its ordinary purpose.

93. Within a reasonable time after the manufacture and sale of the 1911 pistol, Defendants knew or should have known that the 1911 pistol was not fit for its ordinary purpose.

94. As a direct result of the 1911 pistol not being fit for its ordinary purpose, either individually, in combination with, or in the alternative to the negligent acts, Plaintiff was damaged.

95. As a direct result of the 1911 pistol not being fit for its ordinary purpose, either individually, in combination with, or in the alternative to the negligent acts, Plaintiff sustained serious gunshot wounds to his wrist, hand and abdomen.

96. As a direct result of the 1911 pistol not being fit for its ordinary purpose, Plaintiff has been subjected to extreme pain and suffering and will be subjected to pain and suffering in the future.

97. As a direct result of the 1911 pistol not being fit for its ordinary purpose, Plaintiff has incurred medical bills and will incur future medical bills.

98. As a direct result of the 1911 pistol not being fit for its ordinary purpose, Plaintiff has been permanently disabled.

99. As a direct result of the 1911 pistol not being fit for its ordinary purpose, Plaintiff has been permanently disfigured and scarred.

100. As a direct result of the 1911 pistol not being fit for its ordinary purpose, Plaintiff has endured severe emotional distress and will endure emotional distress in the future.

101. As a direct and proximate result of the actions and inactions of Defendants as set forth above, Plaintiff Leigh Anne Corwin has suffered and will in the future suffer the loss of the services and consortium of her husband.

102. Defendants are jointly and severally liable for their acts and omissions and the resulting damages suffered by Plaintiffs.

## VIII.  PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

(a) For general damages according to proof;

(b) For special damages according to proof;

(c) For medical and related expenses according to proof;

(d) For loss of earning and earning capacity according to proof;

(e) For spousal loss of consortium and services according to proof;

(f) For impairment and disfigurement according to proof;

(g) For physical pain and mental anguish according to proof;

(h) For punitive and exemplary damages according to proof;

(i) For costs of suit incurred herein;

(j) For interest on said judgment pursuant to law; and

(k) For such other and further relief as the Court may deem just and proper.

DATED: January 30, 2012          BENSON, BERTOLDO, BAKER & CARTER

By:_____
LAWRENCE J. SMITH
Nevada Bar No. 6505
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone:   (702) 228-2600
Facsimile :   (702) 228-2333
e-mail    :    lawre3@bensonlawyers.com

Brian J. Amick
MONSEES, MILLER, MAYER,
PRESLEY & AMICK, P.C.
4717 Grand Avenue, Suite 820
Kansas City, Missouri 64112
Telephone:   (816) 361-5550
Facsimile :   (816) 361-5577
e-mail    :    bamick@mmmpaLaw.com

Attorneys For Plaintiffs

### DEMAND FOR JURY TRIAL

Demand is hereby made by Plaintiffs for trial by jury in this matter.

DATED: January 30, 2012          BENSON, BERTOLDO, BAKER & CARTER

By:_____
LAWRENCE J. SMITH
Nevada Bar No. 6505
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone:   (702) 228-2600
Facsimile :   (702) 228-2333
e-mail    :    lawre3@bensonlawyers.com
Attorneys For Plaintiffs

### CONSENT TO SERVICE VIA ELECTRONIC MEANS AND FACSIMILE

Pursuant to NRCP Rule 5(b)(2)(D), the undersigned counsel for Plaintiffs hereby consents to service of documents and exhibits, via electronic e-mail to lawre3@bensonlawyers.com, bamick@mmmpaLaw.com, susanr@bensonlawyers.com, and amatteo@mmmpalaw.com or service of documents and exhibits, totaling **30 pages or LESS**, **via facsimile** to (702) 228-2333.

This consent is limited to service by electronic filing and facsimile ONLY. The undersigned does **not** consent to service by other electronic means, such as e-mail. This consent shall remain in effect for the duration of this action, unless amended or revoked by subsequent notice.

DATED: January 30, 2012　　　　　BENSON, BERTOLDO, BAKER & CARTER

By: _____
LAWRENCE J. SMITH
Nevada Bar No. 6505
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone　:　(702) 228-2600
Facsimile　:　(702) 228-2333
e-mail　　　:　lawre3@bensonlawyers.com
Attorneys for Plaintiffs