1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILIP CORWIN and LEIGH ANNE
CORWIN,

           Plaintiffs,

v.

ARMSCOR PRECISION
 INTERNATIONAL, et al.,

           Defendants.

2:12-CV-268 JCM (GWF)

**ORDER**

Presently before the court is plaintiffs Leigh Anne Corwin and Philip Corwin's motion to remand. (Doc. #6). Defendants Armscor Precision International, Inc. ("Armscor") and Arms Corporation of the Philippines ("Arms") filed an opposition. (Doc. #15). Plaintiffs then filed a reply. (Doc. #19).

Plaintiffs filed their complaint in state court on January 31, 2012. (Doc. #1, Ex. 2). Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Armscor and Arms removed the case to this court on February 20, 2012, asserting that this court has diversity jurisdiction. (Doc. #1). According to the notice of removal, plaintiffs are citizens of Virginia, and Armscor is a citizen of Nevada. (Doc. #1). Plaintiffs filed the motion to remand on February 27, 2012, seven days after defendants removed the case. (Doc. #6).

James C. Mahan
U.S. District Judge

1    Plaintiffs now move to remand to state court, arguing that this case cannot be removed

2 because Armscor is a citizen of Nevada. (Doc. #6). In response, Armscor and Arms assert that the

3 forum defendant requirement is a procedural question, not a jurisdictional one, and a violation of the

4 forum defendant rule is a waivable defect in the removal process. (Doc. #15).

5    Title 28 U.S.C. § 1441(b) "confines removal on the basis of diversity jurisdiction to instances

6 where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933,

7 939 (9th Cir. 2006). However, this "additional limitation on diversity-based removal jurisdiction

8 is a procedural, or non-jurisdictional, rule." *Id.* Thus, a violation of the forum defendant rule is a

9 waivable non-jurisdictional defect subject to the 30-day limit imposed by 28 U.S.C. § 1447(c). *Id.*

10 at 942. Under 28 U.S.C. § 1447(c), a motion to remand based on "any defect other than lack of

11 subject matter jurisdiction must be made within 30 days after the filing of the notice of removal

12 under section 1446(a)."

13    In this case, defendant Armscor is a citizen of Nevada. The notice of removal asserts

14 diversity jurisdiction as the court's basis for subject matter jurisdiction. Therefore, Armscor's

15 removal is procedurally defective. *See Lively*, 456 F.3d at 939. Plaintiffs filed the instant motion

16 to remand seven days after Armscor and Arms removed the case to this court. Therefore, plaintiffs

17 did not waive the forum defendant requirement, and remand is appropriate. 28 U.S.C. § 1447(c).

18    Accordingly,

19    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Leigh Anne

20 Corwin and Philip Corwin's motion to remand (doc. #6) be, and the same hereby is, GRANTED.

21    DATED April 11, 2012.

22

23    _____

**UNITED STATES DISTRICT JUDGE**

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**